UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICIA LEAKE and SEAN LEAKE,<br><br>    Plaintiffs,<br><br>        v.<br><br>ALEX GENERAL CONSTRUCTION, LLC,<br><br>    Defendant. | Civil Action No. 23-3465 (JEB) |

**MEMORANDUM OPINION**

This case involves a dispute over work undertaken pursuant to a home-renovation contract. Plaintiffs Alicia and Sean Leake, initially proceeding *pro se*, filed this action in the Superior Court of the District of Columbia, seeking damages for breach of contract from Alex General Construction, LLC. Plaintiffs subsequently amended their Complaint to include additional damages claims, prompting AGC to remove this action to federal court on the basis of diversity jurisdiction. The Leakes now ask this Court to remand the matter, contending that removal was improper. As the Court disagrees, it will deny the Motion.

**I.    Background**

The Court considers the facts gleaned from the documents attached to Defendant's Notice of Removal. See ECF No. 1-2 (Removal Documents). It would have significantly assisted the Court had Defendant broken these out as separate exhibits instead of lumping 219 pages together. In any event, on December 7, 2021, Plaintiffs signed a contract with AGC to renovate their home here in D.C. Id. at 149–208 (Amended Complaint), ¶¶ 15–18. The contract

1

stipulated a project term of three months, but after four extensions, Plaintiffs allege that the renovation was never completed. Id., ¶¶ 18, 121–25. Additionally, the Leakes allege that the property has incurred significant damage as a result. Id., ¶¶ 51–76, 128, 180–83.

On December 1, 2022, proceeding *pro se*, Plaintiffs filed this action in the Superior Court. Id. at 2 (Compl.). In their initial Complaint, they sought $60,000 for "breach of contract, damages, and other cost[s] incurred." Id. On September 5, 2023, Plaintiffs retained counsel and sought leave to amend, which was granted by the court. Id. at 90–91 (Entry of Appearance), 92–94 (Mot. for Leave to Amend), 95–97 (Order Granting Mot.). In their Amended Complaint filed on November 1, 2023, the Leakes alleged "recission, violations of Title 16 and licensing statutes, violation of the Home Solicitation Sale Act, breach of contract, violation of the Consumer Protection and Procedures Act, D.C. Code § 3901 ('CPPA'), breach of the implied covenant of good faith and fair dealing, breach of warranty, negligence, gross negligence, fraud and unjust enrichment." Am. Compl. at 149. They sought injunctive relief, as well as compensatory, statutory, and punitive damages, and attorney fees. Id.; see also id. at 206–07.

Sixteen days later, AGC filed a Notice of Removal under 28 U.S.C. § 1441 on the basis of diversity jurisdiction. See ECF No. 1 (Notice of Removal). To ascertain whether true diversity existed, this Court subsequently ordered AGC to file a Notice listing all of its members and their states of citizenship by November 27, 2023. See Minute Order of Nov. 22, 2023. Missing the deadline, Defendant dilatorily filed a Certificate of Disclosure on December 4, the tardiness of which was noted by Plaintiffs. See ECF No. 6 (Certificate of Disclosure); ECF No. 5 (Notice of Noncompliance).

Plaintiffs now ask the Court to remand the case to the Superior Court pursuant to 28 U.S.C. § 1447(c). See ECF No. 7 (Mot. to Remand).

## II.     Legal Standard

Federal courts are courts of limited subject-matter jurisdiction and "possess only that power authorized by [the] Constitution and statute."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The issue of federal subject-matter jurisdiction "goes to the foundation of the court's power to resolve a case."  Doe by Fein v. Dist. of Columbia, 93 F.3d 861, 871 (D.C. Cir. 1996) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)).

"Ordinarily, the plaintiff is entitled to select the forum in which he wishes to proceed."  Araya v. JPMorgan Chase Bank, N.A., 775 F.3d 409, 413 (D.C. Cir. 2014).  An action may be removed to federal court, however, when it "could have been brought originally in federal court."  Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1748 (2019); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  Upon filing a notice of removal, the defendant "bears the burden of proving that jurisdiction exists in federal court."  Downey v. Ambassador Dev., LLC, 568 F. Supp. 2d 28, 30 (D.D.C. 2008); see also Kokkonen, 511 U.S. at 377.  Similarly, "[w]hen a plaintiff seeks to have a case that has been removed to federal court remanded back to state court, the party opposing a motion to remand bears the burden establishing that subject-matter jurisdiction exists in federal court."  Mizell v. SunTrust Bank, 26 F. Supp. 3d 80, 84 (D.D.C. 2014) (cleaned up).

Courts in this jurisdiction "construe[] removal jurisdiction strictly, favoring remand where the propriety of removal is unclear."  Ballard v. Dist. of Columbia, 813 F. Supp. 2d 34, 38 (D.D.C. 2011).  To that end, courts "must resolve any ambiguities concerning the propriety of removal in favor of remand."  Busby v. Cap. One, N.A., 841 F. Supp. 2d 49, 53 (D.D.C. 2012).

"If the removing party fails to make such a showing, the court must remand the case." Toxin Free USA v. J.M. Smucker Co., 507 F. Supp. 3d 40, 43 (D.D.C. 2020); see Republic of Venezuela v. Philip Morris Inc., 287 F.3d 192, 196 (D.C. Cir. 2002) ("When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case . . . .").

## III.  Analysis

Plaintiffs contend that Defendant's removal both lacks a jurisdictional basis and was untimely. The Court addresses each of these arguments in turn.

### A.  Subject-Matter Jurisdiction

To establish removal jurisdiction here, Defendant points to 28 U.S.C. § 1332(a)(2), under which federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." Plaintiffs mount a challenge under both of these prongs and also contend that the CPPA strips this court of jurisdiction.

#### 1.  *Amount in Controversy*

In cases removed to federal court on the basis of diversity jurisdiction, the amount-in-controversy requirement must be satisfied at the time of removal. See Mitchell v. E. Savings Bank, FSB, 2012 WL 13042901, at *2 (D.D.C. 2012). It is true that Plaintiffs' initial Complaint in Superior Court sought only $60,000 for the breach-of-contract claim, see Removal Documents at 2–3 (Compl.), ¶ 2, but, as AGC points out, their Amended Complaint, which added a significant number of causes of action beyond that count, sought treble damages and attorney

4

fees, which pushed the amount in controversy far past the $75,000 threshold. See Am. Compl., ¶¶ 187–353 & pp. 58–59.

The Leakes rejoin that the jurisdictional amount must be established for each of them separately; in other words, it need exceed $150,000. Even if they are correct, as trebling the sought damages of $60,000 equals $180,000, the threshold amount is satisfied. In addition, "when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount." Troy Bank of Troy, Ind., v. G.A. Whitehead & Co., 222 U.S. 39, 40–41 (1911). Such is the case here.

### 2. Complete Diversity

Next, Plaintiffs challenge the complete diversity of the suit. "The party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." Novak v. Capital Mgmt. & Dev. Corp., 452 F.3d 902, 906 (D.C. Cir. 2006) (cleaned up). There must be complete diversity between the parties under section 1332 because "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

In this case, Plaintiffs are citizens of Washington, D.C., and AGC is a citizen of Maryland because its sole member, Bayron Alexander Salguero, is domiciled there. See Am. Compl., ¶¶ 1–2; ECF No. 6 (Corporate Disclosure Statement) at 1; Americold Realty Trust v. Conagra Foods, Inc., 577 U.S. 378, 379 (2016) (holding that unincorporated associations, including limited liability companies, have the citizenship of each of their members).

5

Plaintiffs seek to undermine diversity by asserting that Salguero is domiciled in D.C., not Maryland. See Mot. to Remand at 7–8. In support of this theory, they refer to multiple unsuccessful attempts of service at the Maryland address and highlight the successful service of Salguero in Washington. Id. Since the Leakes are also citizens of D.C., Plaintiffs argue that the suit lacks complete diversity.

The Leakes' argument falls short. The fact that they could serve Salguero in D.C. is irrelevant; the only question is where he is domiciled. See CostCommand, LLC v. WH Administrators, Inc., 820 F.3d 19, 21 (D.C. Cir. 2016) ("An individual has citizenship in a state for diversity purposes if he is an American citizen and is domiciled in the state."). As Plaintiffs themselves allege that he lives in Maryland, see Am. Compl., ¶ 4, they are out of luck. Because Defendant has satisfied both the amount-in-controversy and diversity requirements of section 1332, this Court retains subject-matter jurisdiction over the case.

   3. *CPPA*

Plaintiffs next posit that because the CPPA states that "[a]ny claim under this chapter shall be brought in the Superior Court of the District of Columbia," federal-court jurisdiction is expressly barred by the statute. See D.C. Code § 28-3905(k)(1)(A). That is incorrect. A state statute like the CPPA cannot divest a federal court of jurisdiction to decide state law. See Chi. & N.W.R. Co. v. Whitton, 80 U.S. 270, 286 (1871) (holding that diversity jurisdiction in state-law cause of action could not "be withdrawn from the cognizance of such Federal court by any provision of State legislation that it shall only be enforced in a State court"); see also Marshall v. Marshall, 547 U.S. 293, 297 (2006) ("Jurisdiction is determined by the law of the court's creation and cannot be defeated by the extraterritorial operation of a [state] statute, even though it created the right of action.") (cleaned up). Indeed, it is well recognized that courts in this

district have jurisdiction over CPPA claims.  See, e.g., E.M. v. Shady Grove Reproductive Science Center P.C., 496 F. Supp. 3d 338 (D.D.C. 2020); Mann v. Bahi, 251 F. Supp. 3d 112 (D.D.C. 2017); McMullen v. Synchrony Bank, 164 F. Supp 3d 77 (D.D.C. 2016).  Subject-matter jurisdiction thus plainly exists here.

    B.  Timeliness

A removal is timely if a defendant files it within 30 days after he receives either the initial pleading, see 28 U.S.C. § 1446(b)(1), or the "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  Defendant contends that the latter circumstance is what occurred here; in other words, only the Amended Complaint provided a basis for removal.

Plaintiffs rejoin that AGC could have removed the case after the service of the original Complaint on January 3, 2023, or when their counsel entered an appearance in this matter on September 5, 2023, at which point AGC apparently should have guessed that attorney fees pushing the amount in controversy above $75,000 would be sought.  See Mot. to Remand at 12.  As a result, Defendant's Notice of Removal filed on November 17 would be statutorily barred by either 28 U.S.C. § 1446(b)(1) or 28 U.S.C. § 1446(b)(3).

The initial Complaint, however, did not put AGC on notice that removal was available.  Plaintiffs there sought only $60,000 for "breach of contract, damages, and other cost incurred." Compl., ¶ 2.  Similarly, the mere appearance of counsel, without more, did not alter the calculus.  Only when fees were sought in the Amended Complaint — and a statutory basis was provided — did the amount of the case exceed $75,000.  See Inst. for Truth in Mktg v. Total Health Network Corp., 321 F. Supp. 3d 76, 90 (D.D.C. 2018) ("Although 28 U.S.C. § 1332 excludes interest and costs from the amount in controversy, attorney's fees are necessarily part of the amount in

7

controversy if such fees are available to successful plaintiffs under the statutory cause of action.") (cleaned up).  That was the first time that AGC had notice that the case was ripe for removal.

The Court thus agrees with Defendant that the Notice of Removal was timely filed sixteen days after the docketing of Plaintiffs' Amended Complaint, which significantly expanded the relief sought.

## IV.  Conclusion

For the foregoing reasons, the Court concludes that Defendants properly removed this action to federal court.  It will thus deny Plaintiffs' Motion to Remand.  A separate Order so stating shall issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date:  March 6, 2024